MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. ATTACHMENT, § 246*—*when finding on attachment issue warranted by the evidence.* In attachment against defendant on the ground that he was about to fraudulently conceal, assign or otherwise dispose of his property, findings of the jury in favor of plaintiff *held* sustained by the evidence, there being evidence tending to show that defendant operated a junk yard, that he owed plaintiff for money loaned, and that after demands were made for payment defendant told plaintiff he was going to dispose of his business so that plaintiff could recover nothing, and it also appearing that soon thereafter the materials of the junk yard were removed, and one witness testified that "the wagons were going back and forth all day long" hauling scrap metal from the yard until there was hardly anything left.

2. EXECUTION, § 107*—*when motion for stay properly denied.* Where a judgment was recovered against a defendant in attachment, the judgment providing only for a special execution and plaintiff being entitled to an execution against the garnishee, *held* that a motion by defendant for a perpetual stay of execution was properly denied, though defendant was recently discharged in bankruptcy and an execution might be levied on other property, where the defendant did not properly limit his motion to such property.

## Baltimore Trust Company, Appellee, v. Consolidated Adjustment Company, Appellant.

### Gen. No. 20,306. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 30, 1914.

### Statement of the Case.

Action by Baltimore Trust Company against Consolidated Adjustment Company on a contract of guar-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

anty. To reverse a judgment in favor of plaintiff, defendant appeals.

The contract involved in this case was substantially the same as that passed on by the Appellate Court in *Pritz v. Consolidated Adjustment Co.*, 189 Ill. App. 287, and the material parts of the contract appear in the opinion filed in that case. On the question whether the defendant under the terms of the contract had the right to continue the service until it recovered the amount of the guaranty, the decision in the *Pritz* case, *supra*, was held conclusive.

The contract in this case contains an alternative provision which was not in the Pritz contract and is to the effect that the services should be continued "until said company shall reasonably determine that an equitable adjustment of the claims listed hereunder cannot be secured." Evidence was submitted to the jury on the question whether such contingency had happened and the jury returned a verdict in favor of plaintiff.

DELAVAN B. COLE, for appellant.

MUSGRAVE, OPPENHEIM & LEE, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

GUARANTY, § 13*—*when evidence sustains finding as to happening of contingency.* Where an adjustment company entered into a contract of guaranty with a client to collect within a certain time a certain sum from the claims listed with it or to refund the initial fee paid to it by the client, and the contract contained an alternative provision that the company might continue its service beyond the time mentioned until it could reasonably determine that an equitable adjustment of the claims listed could not be secured, *held* in an action for a breach of the guaranty that a finding of the jury that it had been reasonably determined that an adjustment of the claims could not be secured was sustained by the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.